## CIRCUIT COURT OF ORANGE COUNTY

William A. Johnson, Jr.

v.

Sophia Bass

September 22, 2005

Case No. CL05-20

BY JUDGE DANIEL R. BOUTON

On this Motion to Quash Subpoena *Duces Tecum*, I have received and reviewed all of the written arguments that have been submitted in connection with the above referenced matter. I have also conducted an *in camera* inspection of all of the documents that were produced by the *Orange County Review* in response to the subpoena *duces tecum*. I set forth below the court's ruling.

To begin with, there is very little authority in Virginia on the precise issue that is before the court. Nevertheless, many other courts have addressed similar problems; in doing so, all such courts agree that there exists an important constitutional privilege that protects the private files of journalists under the provisions of the First Amendment to the United States Constitution and Article I, Section 12, of the Virginia Constitution. Moreover, in determining whether the qualified privilege should protect materials that are the subject of a subpoena *duces tecum*, almost all of the cases stress that trial judges must examine three factors: (1) whether the material is relevant, (2) whether the information is available from other sources, and (3) whether there is a compelling interest that would justify disclosure of the materials. As authority on this point, the court incorporates by reference the cases cited by Mr. Spalding in the concise and well organized memoranda submitted by him on behalf of his client.

In light of the three factors identified above, the court will now turn its attention to the present case. First, it should be noted that two separate sets of photographs were produced as a result of the subpoena *duces tecum*. One set is identified as Exhibit F1; in the court's view, these photographs have no relevance to the dispute between the parties. Furthermore, the arguments of counsel for the parties regarding why the unpublished photographs from the newspaper are needed would not apply to the pictures included in Exhibit F1. Thus, the court will grant the motion to quash the subpoena *duces tecum* with respect to Exhibit F1.

The court will next address the remaining photographs, which have been identified as Exhibit F2. With regard to the first factor that must be considered, there appears to be no dispute that these photographs may include evidence that is relevant. At this point, however, it is not necessary to list or discuss the potential reasons why they would be relevant because the other two factors that apply to the question of the privilege are central to the ruling of the court. These two factors are discussed below in more detail.

The court finds that the arguments on the second factor, which pertain to the question of whether the evidence can be obtained from alternative sources, weigh in favor of the newspaper. Moreover, the same conclusion would be reached regardless of who has the burden of proof or the burden of persuasion on the issue. The court finds that there has been no showing that the information or evidence being sought is unavailable from other sources. Expressed another way, depending on who has the burden, it has been established that other photographs that contain the requested evidence or information have been made available to the parties. In this regard, this is not a case in which photographs or diagrams are completely absent. Rather, the photographs taken by the Virginia State Police and in possession of the parties provide information that is arguably equivalent to or comparable to what is contained in the photographs taken by the newspaper. Moreover, there has been no argument to suggest that eyewitness accounts or testimony about the scene of the accident are not available to supplement or amplify the evidence from the police photographs that have already been provided to the parties.

Similarly, the court finds that the third factor applicable to the analysis also supports the motion of the newspaper. On this point, the court is not persuaded that a compelling interest of any type merits the disclosure of the photographs at this time. If they are not produced, there is nothing before the court to suggest that the plaintiff's claim will be compromised, nor will he be prohibited from going forward with the case. Similarly, the lack of access to the photographs in the possession of the newspaper will not impede or interfere with Ms. Bass's ability to defend herself.

A final point on the question of privilege must be emphasized by the court. It pertains to the argument that the newspaper could produce the disputed photographs at little expense and without compromising the integrity of any protected sources. Here, it should be noted that the courts that have ruled on this issue have explicitly or indirectly given no consideration to the argument that producing the privileged materials would impose little burden or inconvenience on the newspaper. Moreover, the courts have not drawn a distinction between materials that might be considered highly confidential and those that might be classified as nonconfidential. The court is aware of no case in which more protection has been extended to confidential material or where less protection has been accorded to items that could be classified as nonconfidential. The ease with which the photographs here could be disseminated and the arguable lack of controversy about them have not been of particular significance to the courts that have discussed this issue. Rather, the two critical factors stressed by the existing cases have been the protection of the qualified privilege and the ability of newspapers to gather and report news. On this point, the court again cites and incorporates by reference the cases discussed in Mr. Spalding's memoranda.

As a result of the above analysis, the court will grant the motion to quash the subpoena *duces tecum*. The materials that were produced in response to the subpoena and that were inspected *in camera* by the court shall remain under seal and will be preserved as part of the record in the case. The materials will not be made available for review at this time without an express order of the court.

The court also acknowledges that the case is not yet mature for trial and that discovery proceedings have only recently commenced. In this vein, should the discovery process elicit more information that suggests the photographs are needed because evidence on a precise point is not available to the parties from the photographs that exist, leave is granted for the filing of a proper motion in order for the court to revisit the issue. Similarly, should a compelling interest in favor of disclosure that has not yet been ascertained or articulated be forthcoming in the course of discovery, the issue can again be brought back before the court.